UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODI MEMORIAL HOSPITAL ASSOCIATION, INC. dba LODI HEALTH, a California public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>AETNA HEALTH PLANS OF CALIFORNIA, INC.; AETNA HEALTH MANAGEMENT, LLC.; AETNA HEALTH MANAGEMENT, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | No.  2:13-cv-01123-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Lodi Memorial Hospital Association, Inc. ("Plaintiff") brought suit in state court alleging causes of action against Aetna Health Plans of California, Inc.; Aetna Health Management, LLC; and Aetna Health Management, Inc. (collectively referred to as "Defendants") for breach of two written contracts and declaratory relief.  Defendants removed the action to this Court contending that the Employee Retirement Income Security Act ("ERISA") completely preempts Plaintiff's state law claims.

///

///

Presently before the Court is Plaintiff's Motion to Remand on the grounds that this Court lacks subject matter jurisdiction because Plaintiff's state law claims are not completely preempted by ERISA. For the reasons stated below, the Court lacks federal subject matter jurisdiction, and therefore, Plaintiff's Motion to Remand (ECF No. 8) is granted.[1]

## BACKGROUND[2]

The instant action arises from "two written contracts that have existed between [Plaintiff] and Defendants since 1995." Pl.'s Mem. P. & A. Supp. Pl.'s Mot. Remand at 1 (ECF No. 9). Plaintiff alleges that "Defendants started unilaterally taking discounts to what is owed under the [written] contracts." Id. The unilateral discounts resulted in an alleged failure of Defendants to "pay [Plaintiff] millions of dollars owed under [the] two written contracts." Id. Although Plaintiff initially brought the action alleging breach of contract in state court, Defendants removed the action to this Court contending that ERISA section 502(a)(1)(B) completely preempts Plaintiff's state law claims. Id. at 2. Therefore, the issue is whether Plaintiff's state law claims are completely preempted under ERISA.

## STANDARD

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at § 1331.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand.

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. at § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C.A. § 1441(a) (West 2013). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id.

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). However, an exception to the well-pleaded complaint rule is "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). In other words, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law." Id. In such circumstances, "the state claim can be removed" to federal court. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). On the other hand, if the state law claims are not completely preempted, the district court lacks subject matter jurisdiction to hear the action. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009). If the "district lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c) (West 2013).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees "incurred as a result of the removal." Id.

///

The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

Defendants contend that removal is proper based on federal question jurisdiction because Plaintiff's state law claims actually arise under ERISA, which is a federal law. A "party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." Marin Gen. Hosp., 581 F.3d at 945. Neither Plaintiff nor Defendants assert another basis for federal question jurisdiction, and thus, the issue is whether Plaintiff's breach of contract claims are completely preempted by ERISA. In Davila, the Supreme Court developed a two-prong test for determining whether an asserted state-law claim is completely preempted by ERISA § 502(a)(1)(B). Davila, 542 U.S. at 210. Davila's two prongs are: (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B);" and (2) "no other independent legal duty" is implicated. Id. A "state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." Marin Gen. Hosp., 581 F.3d at 947 (emphasis added).

### A. Davila's First Prong

Under the first prong of Davila, the issue is whether "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)."

///
///
///

4

Davila, 542 U.S. at 210.  Section 502(a)(1)(B) provides that a "civil action may be brought…by a participant or beneficiary…to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C.A. § 1132(a)(1)(B) (West 2013).  However, even if a party "could have brought suit" under section 502(a)(1)(B), "it [does] not automatically mean that [the party] could not bring some other suit…based on some other legal obligation."  Marin Gen. Hosp., 581 F.3d at 948.

Plaintiff alleges breach of contract based on Defendants' alleged failure to pay Plaintiff "millions of dollars owed under two written contracts that have existed between [Plaintiff] and Defendants since 1995."  (ECF No. 9 at 1.)  Plaintiff contends that Defendants made inappropriate disallowances "so as to reduce payments to amounts below the contractually owed rates."  Pl.'s Reply Supp. Mot. Remand at 6 (ECF No. 15).  In other words, Plaintiff "does not contend that it is owed this additional amount because it is owed under [a] patient's ERISA plan."  Marin Gen. Hosp., 581 F.3d at 947.  As stated in Blue Cross, Plaintiff's "claims, which arise from the terms of [the written] agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and [thus] do not fall within § 502(a)(1)(B)."  Blue Cross of Cal. v. Anesthesia Care Associates Med. Grp., Inc., 187 F.3d 1045, 1050 (9th Cir. 1999).[3]

Defendants contend that because Plaintiff "received assignment of benefits from each of the patients, it could have brought a claim under ERISA section 502(a)(1)(B)."  (ECF No. 13 at 8.)  The Court recognizes that ERISA does not prohibit the assignment by a beneficiary of his or her right to reimbursement under a health care plan to a provider."  Blue Cross of Cal., 187 F.3d at 1051.[4]

---

[3] Although the Ninth Circuit decided Blue Cross of California prior to the Supreme Court's decision in Davila, the Ninth Circuit subsequently recognized that "Blue Cross is consistent with the Supreme Court's decision in Davila."  Marin Gen. Hosp., 581 F.3d at 948.

[4] Although Plaintiff cites Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 933 (9th Cir. 1994) in support of the proposition that only a participant, beneficiary, or fiduciary may bring a civil action under ERISA, a simple KeyCite would indicate that Plaintiff's relied upon authority has been overruled

However, even if Plaintiff "could have brought" its claims under ERISA section 502(a)(1)(B), it would "not automatically mean that [Plaintiff] could not bring some other suit against [Defendant] based on some other legal obligation." Marin Gen. Hosp., 581 F.3d at 948.  In the instant action, Plaintiff asserts state law claims arising from two written contracts with Defendants, and thus, there is "no basis to conclude that the mere fact of assignment converts the [Plaintiff's] claims into claims to recover benefits under the terms of an ERISA plan." Blue Cross of Cal., 187 F.3d at 1052.

On balance, Plaintiff could not have brought its claims under ERISA § 502(a)(1)(B) because Plaintiff's claims arise from two written contracts.  Therefore, Plaintiff's state law breach of contract claims do not satisfy Davila's first prong.

### B.     Davila's Second Prong

Under the second prong of Davila, the question is whether "there is no other independent legal duty that is implicated by a defendant's actions." Davila, 542 U.S. at 210.  In other words, "[i]f there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." Marin Gen. Hosp., 581 F.3d at 949.

In the instant action, Plaintiff's claims arise from "two written contracts." (ECF No. 9 at 1.)  Analogous to Blue Cross, Plaintiff is not contending that Defendants violated the terms of an ERISA plan; rather, Plaintiff contends that Defendants breached a separate contract between the parties. Blue Cross of Cal., 187 F.3d at 1051.  Plaintiff's "claims do not rely on, and are independent of, any duty under an ERISA plan." Marin Gen. Hosp., 581 F.3d at 949.  As explained in Marin, "[s]ince the state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of Davila." Id. at 950.

---

since January 2012. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969 (9th Cir. 2012).

Defendants contend that "[i]t is impossible to resolve [Plaintiff's] breach of contract claim without referring, interpreting, and clarifying the terms of the underlying ERISA Plans." (ECF No. 13 at 12.) However, as the Ninth Circuit explained, "the bare fact that the [p]lan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision." Blue Cross of Cal., 187 F.3d at 1051.

Plaintiff's breach of contract claims are based on the two written agreements between the parties, which create an independent legal duty. As a result, Plaintiff's claims do not satisfy Davila's second prong. As previously explained, a "state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." Marin Gen. Hosp., 581 F.3d at 947 (emphasis added). In the instant action, neither Davila's first prong nor Davila's second prong is satisfied. Therefore, Plaintiff's state law causes of action are not completely preempted.

## CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction to hear the instant action. It is hereby ordered that Plaintiff's Motion to Remand (ECF No. 8) is GRANTED and Plaintiff's request for costs and attorney's fees is DENIED.[5] The case is hereby remanded to the Superior Court of the State of California in and for the County of San Joaquin for all further proceedings.

IT IS SO ORDERED.

Dated:  September 10, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Pursuant to 28 U.S.C. § 1447(c), the Court declines to award Plaintiff costs and attorney fees incurred as a result of the removal.